IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES R. BLACKMON, JUSTIN M. ROZELLE, ERIC A. MYERS, JARED MUNSON, | § § § § | SA-20-CV-00988-JKP |
| *Plaintiffs,* | § § § | |
| vs. | § § | |
| ZACHARY HOLDINGS, INC.,  CHIEF EXECUTIVE OFFICER OF ZACHARY HOLDINGS, INC.,  THE COMPENSATION AND BENEFITS COMMITTEE OF ZACHARY HOLDINGS, INC.,  JOHN DOES 1-10, WHOSE NAMES ARE CURRENTLY UNKNOWN; | § § § § § § § § § § | |
| *Defendants.* | § § | |

## ORDER SETTING TELEPHONIC SCHEDULING CONFERENCE

Before the Court is the above-styled cause of action, which was referred to the undersigned on May 4, 2021, for all non-dispositive pretrial proceedings after Judge Ezra reassigned the case to Judge Pulliam's docket [#42].  The parties previously appeared before the undersigned on February 5, 2021, for a scheduling conference prior to the reassignment.  At the time of the conference, a motion to dismiss Plaintiffs' class action complaint was pending before the District Court.  Following the conference, the undersigned ordered the parties to exchange initial disclosures as required under Rule 26 and to engage in an agreed Phase I of discovery for a 90-day period or until the motion to dismiss was resolved [#26].  The undersigned further ordered that the parties confer and file proposed scheduling recommendations to control the remainder of this case either upon the expiration of the 90-day period or the denial in whole or in part of the motion to dismiss.

The record reflects that Judge Ezra denied the motion to dismiss on April 22, 2021 [#33]. This case is now pending before Judge Pulliam.  The undersigned will therefore set this case for a scheduling conference and order the parties to confer on deadlines to govern the remainder of this case, using Judge Pulliam's form scheduling order.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, this case is set for a **Telephonic Scheduling Conference** at **1:00 p.m. on June 10, 2021**.  All parties are **required to appear by phone** for the conference.  The contact information for the conference is as follows:

**Please call in 5 minutes prior to start of hearing.**

1. Toll free number:  888-808-6929

2. Access code: 9923187

3. Participant Security Code: 071021

If there are questions regarding the telephonic appearance, the parties should contact Valeria Sandoval, Courtroom Deputy, at txwdml_chambers_sa_judgechestney@txwd.uscourts.gov.

The use of speaker phones is prohibited during a telephonic appearance.  Additionally, because earlier hearings in other cases may be in progress at the time attorneys call in for their scheduled hearing, attorneys should call in with their phones on "mute" and wait for the Courtroom Deputy to address them before they speak.

**IT IS FURTHER ORDERED** that the parties submit a **proposed scheduling order** pursuant to Local Rule CV-16(c), no later than **June 8, 2021**.  The Court will discuss with the parties any proposed changes to the Court's standard scheduling order based on the unique circumstances of this case at the Initial Pretrial Conference.

The proposed scheduling order shall contain suggestions for the following deadlines:

1.  Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2.  The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88(b) on or before [30 days after entry of the Scheduling Order].

3.  Parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before [60 days after entry of the Scheduling Order], and each opposing party shall respond, in writing on or before [14 days after receipt of the offer of settlement]. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

4.  On or before [60 days after entry of the Scheduling Order], the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is [60 days after entry of the Scheduling Order].

5.  Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before [90 days after entry of the Scheduling Order].

6.  Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before [120 days after entry of the Scheduling Order].

7.  Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8.  The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9.  Parties shall initiate all discovery procedures in time to complete discovery on or before [180 days after entry of the Scheduling Order].  Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

10. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before [15 days after the discovery deadline].

11. On or before [15 days after the discovery deadline], the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

12. On or before [45 days after the discovery deadline], parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

    The parties shall submit the proposed order in a form similar to the attached.

**IT IS SO ORDERED.**

SIGNED this 4th day of May, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |
|---|---|
| *Plaintiff,* | § § § § |
| vs. | § § § § |
| *Defendant.* | § § § § |

## SCHEDULING RECOMMENDATIONS

  The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case.  In accordance with Federal Rule of Civil Procedure 6(a), if a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88(b) on or before _____.

3. Parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before _____, and each opposing party shall respond, in writing on or before _____.  All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

4. On or before _____, the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is _____.

5.  Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____.

6.  Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____.

7.  Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8.  The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9.  Parties shall initiate all discovery procedures in time to complete discovery on or before _____. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

10. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before _____.

11. On or before _____, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

12. On or before _____, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

_____

(Signature)


_____

(Print or type name)


ATTORNEY FOR

_____

(Print or type name)



CERTIFICATE OF SERVICE




Before the Court is the above-styled cause of action, which was referred to the undersigned to discuss the parties' disagreements regarding the entry of a Scheduling Order in this case [#21].  On this day, the Court held a telephonic conference, at which all parties appeared through counsel, to address the scheduling issues.

This is complex ERISA class action implicating thousands of potential class members over a six-year period.  There is a motion to dismiss pending.  Plaintiffs propose that phased discovery begin immediately, and Defendants ask the Court to stay discovery pending a ruling on their motion to dismiss.  After considering the arguments of counsel and the procedural posture of this case, the Court now issues the following orders:

**IT IS THEREFORE ORDERED** that the parties exchange initial disclosures as required under Rule 26 and engage in the agreed Phase I discovery discussed during the conference.  If the motion to dismiss is still pending after 90 days, the parties are instructed to file an advisory with the Court as to whether they have reached agreements as to additional discovery that can be conducted or whether another scheduling conference is necessary to address the next phase of this case.  If the motion to dismiss is denied in whole or in part within this 90-day period, the parties are ordered to confer and file proposed scheduling recommendations to control the remainder of this case.

SIGNED this 5th day of February, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE