IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JAMES R. BLACKMON, JUSTIN M. ROZELLE, ERIC A. MYERS, and JERED MUNSON Individually and as representatives of a class of similarly situated persons, on behalf of the ZHI 401(K) RETIREMENT SAVINGS PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>ZACHRY HOLDINGS, INC., and THE COMPENSATION AND BENEFITS COMMITTEE OF ZACHRY HOLDINGS, INC.,<br><br>Defendants. | Case No: 5:20-cv-00988<br><br><br><br><br><br><br><br><br><br><br><br><br><br>May 31, 2022 |

**DECLARATION OF LAURIE RUBINOW IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND
<u>EXPENSES, AND SERVICE AWARDS</u>**

I, Laurie Rubinow, hereby declare under penalty of perjury under the laws of the United States and the State of Connecticut, as follows:

1. I am a Partner in the law firm, Miller Shah LLP ("Miller Shah"), and I am a member of the bar of the states of Connecticut and New York and the Commonwealth of Pennsylvania. I have been admitted *pro hac* vice in this case and am one of the attorneys who has worked on the above-captioned action (the "Action") for my firm since the inception of its engagement. I have personal knowledge of the facts set forth herein.

2. Following the Court's grant of preliminary approval of the Settlement (*see* ECF No. 67), Fiduciary Counselors was selected and appointed as an independent fiduciary for the Plan in connection with the Settlement and has or will be provided with sufficient information to

allow for a comprehensive review of the Settlement. Fiduciary Counselors has extensive experience reviewing litigation settlements involving ERISA plans. Fiduciary Counselors will issue its Report of the Independent Fiduciary for the Settlement in this case on or before June 14, 2022.

       3.      During the course of this litigation, the parties engaged in significant discovery, producing and reviewing over 13,000 pages of relevant documents and communications relating to the administration of the ZHI 401(k) Retirement Savings Plan (the "Plan"), relationships between and among fiduciaries, and the Plan's investment and recordkeeping monitoring processes. The parties also engaged in a lengthy process pursuant to which they communicated their respective positions concerning Plaintiffs' likelihood of success on their claims and potential recovery on behalf of the Plan, including two mediation sessions with Hunter R. Hughes, III, a nationally-recognized mediator, and conducted independent analyses to support Plaintiffs' claims on behalf of the Plan and the Settlement, including consultation with experts. There has been no collusion or complicity of any kind in connection with the Settlement reached in this case or any related negotiations.

       4.      As noted in connection with Plaintiffs' motion for preliminary approval of the Settlement, Class Counsel have significant experience in similar litigation, and are well-informed as to the specifics of this Action. Here, Class Counsel's thorough investigation, coupled with the significant document discovery conducted in this Action, has afforded Class Counsel a comprehensive understanding of the merits of the claims asserted, the strength of Defendants' defenses, and the values of theoretical outcomes of the case. In addition, Class Counsel have engaged in extensive consultation with experts in assessing the claims, defenses, and potential damages in connection with their negotiation of the Settlement.

5. Miller Shah and its co-counsel, Capozzi Adler, P.C. ("Capozzi Adler"), have fully investigated and developed the Action, reviewed significant discovery, worked with experts, and engaged in motion practice to properly and vigorously represent the interest of the Plan and the Class, and will continue to do so.

6. Plaintiffs have been diligently engaged in the litigation of the Action from its inception, including *inter alia*, providing documents and information to Class Counsel in connection with Class Counsel's pre-suit investigation of the Action, providing documents to Class Counsel and answering discovery requests, participating in regular conference calls with Class Counsel, and reviewing pleadings and other court documents in order to stay apprised of developments in the litigation and fulfill their duties to the Settlement Class. In addition, Defendants served Plaintiffs with deposition notices prior to the resolution of the Action and Plaintiffs began to prepare for their anticipated depositions. Plaintiffs were in touch with Class Counsel during the mediation sessions and participated in settlement discussions on an ongoing basis.

7. Based on a review of the docket in this action and confirmation with Strategic Claims Services, the settlement administrator approved by the Court, no Class Member has objected to the Settlement, or the Proposed Administration Costs, Attorneys' Fees, and Service Award, to date.

8. Despite working on this matter for almost two full years, Class Counsel and their local counsel have not received any payment for their services or expenses incurred for prosecuting this litigation. The Notice to the Class provided that Class Counsel may apply for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus expenses of up to $50,000, which were incurred in the litigation.

9. As set forth in the accompanying Motion for Final Approval, Class Counsel is requesting attorneys' fees of 33 1/3% of the Settlement Fund plus expenses of $43,372.06. The requested fee award of 33 1/3% was negotiated by Plaintiffs and Counsel and is well within the range of fees awarded by courts in this District and in courts throughout the country.

10. Class Counsel achieved this favorable result for the Class at great risk and substantial expense to itself. Class Counsel was unwavering in its dedication to the interests of the Class and its investment of the time and resources necessary to bring this litigation to a successful conclusion against the Defendants. Class Counsel's compensation for the services rendered has always been wholly contingent. The requested fee is reasonable based on the quality of Class Counsel's work and the substantial benefit obtained for the Class.

11. For its extensive efforts on behalf of the Class, Class Counsel is applying for compensation from the Settlement Fund on a percentage-of-the-fund basis, and seeks the Court's approval of the same. The percentage-of-the-fund method is the appropriate method of compensating counsel because, among other things, it aligns Class Counsel's interests in being paid a fair fee with the interests of the Settlement Class in achieving an optimal resolution under the circumstances. In addition, the percentage-of-the-fund method is particularly appropriate here given the favorable result achieved.

12. Class Counsel's compensation for the services rendered was wholly contingent on its success. Demonstrating Class Counsel's commitment to this litigation, Class Counsel have devoted more than 1,012 hours to litigating the Action resulting in a lodestar of $588,002.50. I have confirmed that Class Counsel's lodestar is based upon their normal hourly rates that are paid by clients for similar hourly engagements and have been regularly approved by courts throughout the United States. Based upon past experience, Class Counsel will likely expend at

least an additional $50,000 in lodestar (and likely closer to $100,000) in connection with final approval proceedings and settlement administration, including responding to inquiries by members of the Settlement Class, which occur on a daily basis. Class Counsel's 33 1/3% fee request represents a modest multiplier of 1.06 of Counsel's aggregate lodestar (excluding additional work that remains in this case in the future as well as the value of the non-monetary relief obtained on behalf of the Plan), well within range of multipliers awarded by courts in this District and in courts throughout the country. I have confirmed that Class Counsel's expenses are reflected in the respective books and records maintained by each of the firms, and are an accurate record of the expenses incurred. In total, Counsel incurred expenses in the amount of $43,372.06 to successfully prosecute the Action. The time and expenses incurred in the prosecution of the litigation are set forth in Exhibit A to this Declaration. I respectfully submit that all of these costs and expenses are reasonable and should be approved by the Court.

13. The expertise and experience of Miller Shah and Capozzi Adler are described in each firm's resume, attached respectively as Exhibits B and C to this Declaration. Class Counsel are among the most experienced and skilled practitioners in the employee benefits litigation field. The attorneys at Class Counsel's firms have years of experience litigating similar class actions, and have been involved in cases that have recovered hundreds of millions of dollars for retirement plans and their participants.

14. Defendants are represented by very experienced counsel, Morgan Lewis & Bockius LLP, which spared no effort in the defense of their clients. Defendants' counsel vigorously defended their clients, insisted they had no liability and gave every indication they were ready to proceed with the litigation to trial if a settlement was not reached. In the face of this opposition, Class Counsel developed Plaintiffs' case so as to persuade Defendants to settle

the case on a basis favorable to the Class under the circumstances.

15. This litigation was undertaken by Counsel on a wholly-contingent basis. From the outset, Counsel understood that they were embarking on a complex, expensive, and lengthy litigation with no guarantee of ever being compensated for the enormous investment of time and money the case would require. In undertaking that responsibility, Counsel was obligated to ensure that sufficient attorney and paraprofessional resources were dedicated to the prosecution of this Action and that funds were available to compensate staff and the considerable costs which a case such as this entails.

16. Because of the nature of a contingent practice in the area of employment benefits litigation, where cases are predominantly complex cases lasting several years, not only do contingent litigation firms have to pay regular overhead, but they also have to advance the expenses of the litigation. This does not even take into consideration the possibility of no recovery. As discussed above, from the outset, this Action presented a number of risks and uncertainties which could have prevented any recovery whatsoever. It is wrong to assume that law firms handling complex contingent litigation such as the Action always win. Tens of thousands of hours have been expended in losing efforts. The "risks of litigation" factor employed by courts in analyzing fee requests is not an empty phrase. There was a demonstrable risk that the Class and its counsel would receive nothing. It took hard and diligent work by skilled counsel to develop facts and theories which persuaded Defendants to enter into serious settlement negotiations.

17. Based upon the claims remaining in the case, Plaintiffs' expert has calculated the Plan's losses as approximately $13.6 million after brought to present value by applying a reasonable interest rate. In addition, Plaintiffs' expert has alternatively calculated the Plans'

losses as approximately $8 million using a more conservative method. While figures in this range are defensible, the likelihood of establishing the higher figure faces more challenges than the lower figure.

18.     When Counsel undertook to act for Plaintiffs and the Class in this matter, it was with the knowledge that they would spend many hours of hard work against some of the best defense lawyers in the United States with no assurance of obtaining any compensation for their efforts.  The benefits conferred on the Class by this Settlement are particularly noteworthy in that a Settlement Fund worth $1,875,000 and significant non-monetary relief were obtained for the Settlement Class despite the existence of substantial risks of no recovery in light of the vigorous defense mounted by Defendants, and the practical other obstacles to obtaining a larger recovery after continued litigation.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st day of May, 2022 at Chester, Connecticut.

*/s/ Laurie Rubinow*
Laurie Rubinow
